**V. O. STRINGFELLOW, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. No. 6382.**

United States District Court
W. D. Washington, N. D.

Sept. 10, 1965.

Ralph L. Hawkins, Jr., Howe, Davis, Riese & Jones, Seattle, Wash., for plaintiff.

John B. Jones, Jr., Acting Asst. Atty. Gen., Jerome Fink, Bruce A. Koppe, Department of Justice, Washington, D. C., William N. Goodwin, U. S. Atty., Seattle, Wash., for defendant.

SOLOMON, District Judge:

Plaintiff, Virgil O. Stringfellow, seeks to recover federal income taxes for the calendar years 1958 and 1959 in the amount of $31,398.61, plus interest and costs, based upon an alleged carryback loss of $56,000 in 1961. The Government admits that if the $56,000 is an allowable loss then it is properly a loss carryback to 1958 and 1959.

Plaintiff's claimed loss arises from his participation in two joint ventures formed to construct Capehart housing units at Glasgow Air Force Base, Montana. These ventures, Glasgow Associates (Glasgow) and Burl Johnson Associates (BJA), were formed in 1959. Both ventures, which elected to report income on a completed contract basis, became insolvent prior to the completion of their contracts, and in 1961, plaintiff lost his entire investment in both. The Internal Revenue Service disallowed the claimed loss of $35,000 which resulted from the failure of Glasgow and allowed plaintiff a $21,000 non-business bad debt, treated as a short-term capital loss, resulting indirectly from the failure of BJA.

If plaintiff participated in these ventures as an individual, he is entitled to a loss equal to the adjusted basis of his interest, namely $56,000. 26 U.S.C.A. § 704(d).

Plaintiff, however, made his contributions to the ventures through two wholly-owned corporations, Service Lumber Co. (Service) and Guy, Inc. He requested that the ventures' books, as well as his own, be kept so as to show his corporations as the actual adventurers. The Government contends that Service and Guy were the adventurers and must take the loss, or alternatively, that Service and Guy were the source of monies contributed to the ventures so that plaintiff lost none of his individual funds. (The Government's allowance of a $21,000 non-business bad debt to plaintiff results

from the dissolution in insolvency of Guy rather than from the failure of the joint ventures.)

Plaintiff admits that he intended to substitute his corporations, Service and Guy, for his individual interests in the ventures. His fellow adventurers, however, refused to consent to this substitution. As a result, plaintiff was required to continue his participation as an individual. When plaintiff failed to obtain these consents, he caused the books to be corrected to reflect his individual interest.

Plaintiff was the source of all monies contributed to the joint ventures; he drew his personal checks to Service and Guy, which in turn drew corporate checks to the joint ventures. Except for these transactions, Service and Guy were dormant and had no assets.

I conclude that plaintiff, rather than his corporations, must be regarded as the participant in the joint ventures and that the monies contributed through the corporations must be viewed as his personal funds.

The joint venture documents, which evidence the relationship among the adventurers, make clear plaintiff's individual interest. Plaintiff was never able to change this relationship. Parties to a business arrangement may select any legal structure for doing business, and the Government must recognize the structure selected by the parties. Neither the Government nor the Court may substitute its choice of business structure for that of the parties.

Plaintiff's plan to substitute his corporations for his interests in the ventures was frustrated, and therefore his corporations served no business purpose. They were only conduits for his personal investment and can properly be disregarded. See Commissioner v. Smith, 2 Cir. 1943, 136 F.2d 556.

This opinion will serve as findings of fact and conclusions of law under Rule 52(a), Fed.R.Civ.P. The parties may submit additional findings within ten days.